IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL ALLEN, #355086 <br> KEENAN K. COFIELD, #405938 <br> JOHN WESLEY JOHNSON, #188392 | * <br> <br> * |
| v. | * CIVIL NO. CCB-13-3334 |
| STATE OF MARYLAND, *et al.* | * |
| | *** |

## **MEMORANDUM**

On November 7, 2013, the court received for filing this 42 U.S.C. § 1983 lawsuit from plaintiffs, who are currently confined at the Eastern Correctional Institution ("ECI"). Plaintiffs allege that they are being held in custody without any written transfer of custody signed and issued by "any state judge transferring the Plaintiff/Criminal Defendants to the custody of any[] city, county, state custody facility as alleged by the Clerks Commitment Records[,] a part of the records in this case, for reference." (Compl., ECF No. 1, at 4-5.) It appears that plaintiffs take issue with (1) their placement in custody without a signed judicial order and (2) the alleged actions of state court clerks in issuing arrest warrants relying on "illegal and unlawful process" under Maryland law. (*Id.*) They name as defendants any and all Maryland district and circuit court clerks, sheriffs, wardens, state agencies, the Maryland Governor, all members of the Maryland General Assembly, the Maryland Board of Public Works, the Maryland State Treasurer, and the Maryland Attorney General. (*See* ECF No. 1-1 at 5-6.)

Plaintiffs additionally take issue with the alleged failure of the state prison system to adopt the August 2013 cap on inmate telephone charges imposed by the Federal Communications Commission ("FCC"). They complain of excessive telephone rates and claim they can no longer

afford the charges and have been "adversely affected" as they are unable to make calls to family, friends, attorneys, or courts. (ECF No. 1 at 9.) Plaintiffs seek injunctive relief to order defendants to comply with the FCC Order and to enjoin any and all telephone carriers operating within the Maryland prison system from using funds generated from the fees to pay for staff salaries. In addition, they seek unspecified damages and fines for each day defendants fail to comply with the telephone cap rate.

Because they appear indigent, plaintiffs' motion for leave to proceed in forma pauperis shall be granted.[1] The complaint, however, shall be dismissed without prejudice.

To the extent that plaintiffs take issue with the legality of their confinement, complaining that warrants and orders were illegally issued by state court clerks without judicial involvement, their action shall be dismissed without prejudice. Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), a civil rights claimant cannot recover damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he first proves that "the conviction or sentence has been reversed on direct appeal, . . . or called into question by a federal court's issuance of a writ of habeas corpus" filed under 28 U.S.C. § 2254. *Id.* at 486-87. These allegations directly relate to the constitutionality of plaintiffs' state convictions and success in this civil rights action would vitiate the legality of those sentences or convictions. Thus, these claims may not proceed at this time under *Heck*.

---

[1] Plaintiff Cofield has filed a request to receive a date-stamped copy of the complaint. (ECF No. 3.) The request has been construed as a motion for copy work at the government's expense and shall be granted on this one occasion. Cofield is reminded that he remains responsible for retaining a copy of the complaint and all attachments.

In addition, plaintiffs' claims regarding excessive telephone fees shall be dismissed without prejudice. Plaintiffs complain about excessive telephone rates and fees and non-compliance with rate caps imposed on prison telephone calls by the FCC.[2] They do not show that they have standing to raise such a claim. To meet the standing requirement of Article III, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct . . . ." *Allen v. Wright*, 468 U.S. 737, 751 (1984). Here, they do not allege that they themselves are paying such fees. Indeed, it appears that telephone rates on collect calls are charged to family and friends. Therefore, insofar as plaintiffs challenge the telephone charges imposed on their family and friends, they lack standing to assert such a claim. Because plaintiffs may not raise this claim on behalf of their family and friends, their complaint fails to state a claim upon which relief can be granted.[3] A separate order follows.

Date: November 15, 2013.                     /s/
                                             Catherine C. Blake
                                             United States District Judge

---

[2] On August 9, 2013, the FCC voted for a new regulation of telephone rates for prisoners making interstate long-distance calls. The agency adopted a rate cap of $0.25 per minute for collect calls, which means that a 15-minute call costs no more than $3.75. *See FCC Reduces High Long-Distance Calling Rates Paid by Inmates*, FCC, http://www.fcc.gov/document/fcc-reduces-high-long-distance-calling-rates-paid-inmates (last visited Nov. 14, 2013).

[3] The plaintiffs' only constitutional allegation seemingly goes to their claim that they have been "adversely affected" by the excessive rate. They provide, however, no particulars as to how the excessive fee has harmed them or otherwise violated their access to the courts. The claim shall be dismissed without prejudice.